HENRY H. BOODY *versus* GEORGE W. LUNT.

Where the maker of a note procured it to be attested by a witness nearly six years after its date, *it was held*, that such attestation gave the paper the legal character of a witnessed note.

THIS was assumpsit on a promissory note. The facts in the case sufficiently appear from the opinion of the Court.

*Fessenden & Deblois,* for the plaintiffs, cited *Warren Acad-*

emy v. *Starrett*, 15 Maine R. 443; *Smith* v. *Dunham*, 8 Pick. 248.

*F. O. J. Smith*, for the defendant.

The opinion of the Court was delivered by

WESTON C. J. — The defendant caused the note in question to be attested by a witness, nearly six years after its date. This implies a recognition by him of the note, and of his signature, in the presence of the witness. A subsequent renewal of a note, attested by a witness, has been held to give the instrument the legal character of a witnessed note. *Warren Academy* v. *Starrett*, 15 Maine R. 443. The case under consideration does not appear to us to differ from that in principle. The objection to a subsequent attestation of a note, without the knowledge of the maker, is, that it deprives him of the protection of the statute of limitations, and gives an extended efficacy to his promise, without his assent. *Smith* v. *Dunham*, 8 Pick. 246. The attestation in this case was affixed by the procurement of the maker. This must have been done, with an intention to give the paper the validity of a witnessed note. We perceive nothing unlawful in the transaction, or which should prevent it from having the legal effect, which the parties manifestly intended.

*Judgment for plaintiff.*